IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTOLIN ANDREWS,

    Petitioner,                                    No. 2:04-cv-00997-MDS

    vs.                                               <u>ORDER</u>

TOM L. CAREY, WARDEN

    Respondent
_____/

    Petitioner Antolin Andrews, a.k.a. Antolin Andrew Marks or Antolin Wayne, filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254, on January 18, 2005. On October 30, 2009, this court ordered supplemental briefing from both parties regarding the effects, if any, of Andrews's subsequent release from prison. For the reasons discussed below, Andrews's application for writ of habeas corpus is DENIED as moot.

**FACTS AND PROCEEDINGS**

    Andrews filed a petition for writ of habeas corpus challenging the results of a November 25, 2002 prison disciplinary hearing at which a senior hearing officer found Andrews guilty of conduct that could lead to violence. After the hearing Andrews was placed in administrative segregation for some period and was assessed a thirty-day credit loss. In his petition, Andrews argues that the state courts erred in failing to dismiss the rules violation report and restore the

accompanying credit loss. However, Andrews has since been released from prison and was discharged from parole on September 17, 2006.

On May 12, 2003, the California Supreme Court denied Andrews's petition for writ of habeas corpus on the merits. Andrews had not been released from prison by that time.

**DISCUSSION**

Federal habeas jurisdiction is only available when "a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or speedier release from that imprisonment." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A case is moot when "it no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). To satisfy the case-or-controversy requirement, the petitioner must continue to have a personal stake in the outcome of the litigation throughout "all stages of federal judicial proceedings." *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001). In order to avoid mootness, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7 (internal quotation marks omitted). It is Andrews's burden to establish that the case is not moot, *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990).

There must be some "collateral consequences" flowing from the challenged disciplinary action for the habeas action to be maintained. *Wilson v. Terhune*, 319 F.3d 477, 479 (9th Cir. 2003). Andrews lists eleven consequences of the alleged violations that he believes qualify as collateral consequences for mootness purposes. However, these consequences are, at best, merely speculative or are no longer redressable given his release. *See Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) ("[H]abeas jurisdiction is proper where a challenge to prison conditions would, if successful, *necessarily* accelerate the prisoner's release."

(emphasis added)). Andrews's claims that come closest to collateral consequences are that (1) if he is ever again in custody, he will be housed in higher security facilities where there is routine violence, (2) he would be treated as a violent offender if he is ever re-arrested by police who see his record, and (3) he served an additional sixty days in jail due to lost credit. To support his position, Andrews asserts that it is quite likely that he will be arrested again given that he has been incarcerated five times before. However, Andrews must show more than potential abstract injury. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). Furthermore, consequences that are within Andrews's power to avoid, such as being arrested or returned to prison, are not properly considered collateral consequences for the purpose of overcoming mootness. *Spencer*, 523 U.S. at 13-15 (rejecting claims of collateral consequences that are "contingent upon [petitioner's] violating the law, getting caught, and being convicted" because they "themselves are able—and indeed required by law—to prevent such possibility from occurring").

As for the credit loss, Andrews has been released from parole and is no longer in Respondent's custody. There is, therefore, no way to restore his lost credit. *See Preiser*, 411 U.S. at 487-88, 500 (holding that, where the restoration of credits would result in either immediate release or the shortening of the length of confinement, the appropriate remedy is a writ of habeas corpus).

## CONCLUSION

Andrew's application for a writ of habeas corpus is DENIED as moot. The Clerk is directed to enter judgment and close the case.

DATED: March 18, 2010

/s/ Milan D. Smith, Jr.
UNITED STATES CIRCUIT JUDGE
Sitting by Designation